Case 5:25-mc-00265   Document 4   Filed 01/09/26 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
January 09, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| JOHN DOE § | |
| § | |
| VS. § | MISC ACTION NO. 5:25-mc-265 |
| § | |
| WARDEN OF THE RIO GRANDE § | |
| PROCESSING CENTER *et al.* § | |

**ORDER**

Petitioner, proceeding under the pseudonym "John Doe," initiated this habeas proceeding on December 29, 2025 (Dkt. No. 1). Because Petitioner has not met his burden to proceed anonymously, he is **ORDERED** to file a proper motion seeking leave to do so, or amend his Petition to disclose his name, no later than **January 16, 2026.**

## I.   BACKGROUND

Petitioner avers he is a Russian citizen—and an open opponent of the current Russian regime (Dkt. No. 1 at 6, ¶¶ 27–28). The Russian government tortured and persecuted Petitioner, resulting in his significantly deteriorated mental and emotional health (Dkt. No. 1 at 6, ¶ 28; 7, ¶ 35). Fearing for his life, Petitioner escaped to the United States and arrived on December 25, 2023 (Dkt. No. 1 at 6–7, ¶¶ 28–29). ICE initially released Petitioner but re-detained him on August 24, 2025 (Dkt. No. 1 at 7, ¶¶ 29–30, 33). Ultimately, an Immigration Judge ("IJ") granted Petitioner asylum on December 3, 2025[1] (Dkt. No. 2-4 at 1). Yet he remains in ICE's custody at the Rio Grande Processing Center (Dkt. No. 1 at 7, ¶ 33).

As best the Court can discern, Petitioner brings this 28 U.S.C. § 2241 petition to

---

[1] Of note, at the time of filing his Petition, the IJ's order granting Petitioner asylum was not yet final. (*see* Dkt. No. 2-4 at 4 (the parties reserved their right to appeal the IJ's order)). *See* 8 U.S.C. § 1252(b)(1) ("The petition for review must be filed not later than 30 days after the date of the final order of removal.").

1

challenge his continued detention despite having been granted asylum (*see* Dkt. No. 1 at 11–14). He also raises due process concerns, asserting his August 2025 re-detention was unconstitutional, and contests ICE's authority as *ulra vires* and as violative of the Administrative Procedure Act (*see* Dkt. No. 1 at 14–19). Throughout the Petition, he is referred to solely as "John Doe" or Petitioner.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 10(a) requires that an initiating pleading "name all the parties." *See* Rules Governing Section 2254 Cases, Rule 12 (the Federal Rules of Civil Procedure apply in habeas actions "to the extent that they are not inconsistent with any statutory provisions or these rules"); *see also* Rules Governing Section 2254 Cases, Rule 1(b) (§ 2254 rules apply to 28 U.S.C. § 2241 cases). "Public access to this information is more than a customary procedural formality; First Amendment guarantees are implicated when a court decides to restrict public scrutiny of judicial proceedings." *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. Unit A Aug. 1981) (citing *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 580 & n.17 (1980)).

## III.  DISCUSSION

While there is "no hard and fast formula for ascertaining whether a party may sue anonymously," the Fifth Circuit identified markers relevant to the inquiry. *Id.* at 186. The *Stegall* factors for determining if a party may proceed under a pseudonym are: (1) whether the plaintiffs seeking anonymity were suing to challenge governmental activity; (2) whether prosecution of the suit compelled plaintiffs to disclose information "of the utmost intimacy;" and (3) whether plaintiffs were compelled to admit their intention to engage in illegal conduct, thereby risking criminal prosecution. *Id.* at 185 (citing *S. Methodist Univ. Ass'n of Women L. Students v. Wynne & Jaffe*, 599 F.2d 707,

712 (5th Cir. 1979)). "The threat of hostile public reaction to a lawsuit, standing alone, will only with great rarity warrant public anonymity." *Id.* at 186.

Here, Petitioner merely offered the following in a **footnote** incorporated in the Petition itself:

> Petitioner seeks leave to proceed anonymously because public identification creates a risk of retaliatory physical harm risk to him and his family members due to Petitioner's status as an asylum seeker in the United States, and the nature of Petitioner's claim is sensitive and highly personal. *See Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000). The Ninth Circuit has identified several different situations in which parties have been permitted to proceed under a fictitious name, including "(1) when identification creates a risk of retaliatory physical or mental harm, . . . ; (2) when anonymity is necessary 'to preserve privacy in a matter of sensitive and highly personal nature,' . . . ; and (3) when the anonymous party is 'compelled to admit [his or her] intention to engage in illegal conduct, thereby risking criminal prosecution.'" *Id.* (collecting cases; internal citations omitted). The Petitioner would provide Petitioner's identity to the Respondents and the Court under seal.

(Dkt. No. 1 at 5 n.2). It is unclear why Petitioner cited Ninth Circuit authority rather than the well-established *Stegall* framework. Nonetheless, Petitioner's footnote failed to meaningfully engage with *either* standard.

True, *Stegall* highlighted that "threats of violence," when associated with *the case*, may sanction anonymity in litigation. 653 F.2d at 186; *Doe v. Mckesson*, 322 F.R.D. 456, 458 (M.D. La. 2017) (a plaintiff must show that they "will face an increased threat of violence—above [a] generalized threat of violence . . .—as a result of filing [the] lawsuit"), *vacated on other grounds sub nom. McKesson v. Doe*, 592 U.S. 1 (2020). However, Petitioner's conclusory allegation that disclosure exposes him and his family to the risk of harm does not rise to the occasion. Moreover, "hundreds of cases just like Petitioner's case, have been filed by *named* non-citizen detainees" as of late. *J.A.S.H. v. Lynch*, No. 1:25-CV-1389, 2025 WL 3235739, at *3 (W.D. Mich. Nov. 20, 2025) (citation modified). The Undersigned has decided *two* such cases in the last three weeks alone. *See*

*Khatchapuridze v. Noem*, 5:25-cv-169 (S.D. Tex. filed Oct. 7, 2025); *Ekembe v. Warden*, 5:25-cv-225 (S.D. Tex. filed Nov. 18, 2025).

## IV.  CONCLUSION

Accordingly, Petitioner's action is subject to dismissal as presently pleaded. *See Lnych*, 2025 WL 3235739, at *2; *Stegall*, 653 F.2d at 185. If Petitioner wishes to proceed under a pseudonym, he must file a motion for leave, addressing *Stegall* and advancing other relevant case law, no later than **January 16, 2026**. Alternatively, he may amend his Petition to disclose his name pursuant to Federal Rule of Civil Procedure 10(a) by that date. **Petitioner is WARNED that failure to comply with this Order may result in dismissal of this action for want of prosecution under Federal Rule of Civil Procedure 41(b)**.

It is so **ORDERED**.

**SIGNED** January 9, 2026.

Marina Garcia Marmolejo
United States District Judge

4